UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| ROBERT KENNEY, individually and on behalf of all others similarly situated, | § § DOCKET NO. 1:17-cv-01755 |
| Plaintiff, | § § JURY TRIAL DEMANDED |
| vs. | § § COLLECTIVE ACTION § PURSUANT TO 29 U.S.C. § 216(b) |
| HELIX TCS, INC. | § § |
| Defendant. | § § § |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Robert Kenney ("Plaintiff" or "Kenney") brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") against Defendant Helix TCS, Inc. ("Defendant" or "Helix").

2. Kenney worked for Helix as a security guard (sometimes referred to by Helix as a "site supervisor"). In this capacity, Kenney performed non-exempt job duties, but was paid a salary with no overtime compensation for the hours he worked in excess of 40 hours in a single workweek in violation of the FLSA.

3. Kenney brings this collective action to recover unpaid overtime wages and other damages on behalf of himself and other similarly situated workers.

### JURISDICTION & VENUE

4. This Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b)(1)-(2) as Helix maintains its principal office in Denver, Colorado, located in this District and because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

6.      From approximately February 2016 until April 2017, Kenney worked for Helix as a security guard. Throughout his employment with Helix, Kenney performed non-exempt job duties and regularly worked in excess of 40 hours a week without receiving overtime pay. Kenney's written consent to be a party plaintiff is attached as Exhibit A.

7.      Kenney brings this action on behalf of himself and all other similarly situated workers under the collective action provisions of the FLSA (the "FLSA Class"). *See* 29 U.S.C. §216(b). The class of similarly situated workers that was subjected to the same FLSA violations as Kenney is properly defined as follows:

> **ALL SECURITY GUARDS AND/OR SITE SUPERVISORS EMPLOYED BY HELIX TCS, INC. DURING THE PAST THREE (3) YEARS WHO RECEIVED A SALARY AND NO OVERTIME COMPENSATION. ("Putative Class Members").**

The Putative Class Members are easily ascertainable from Helix's business and personnel records.

8.      Defendant Helix TCS, Inc., is a Delaware Corporation operating and maintaining a principal office location in Greenwood Village, Colorado, located within this District. Helix TCS, Inc., may be served through its registered agent: **Zachary Venegas, 5300 DTC Parkway, Suite 300, Greenwood Village, CO 80111**, or wherever he may be found.

### FACTUAL ALLEGATIONS

9.      Helix boasts that it is "the leading provider of integrated operating solutions for the legal cannabis industry." *See*, https://helixtcs.com/.

10. As part of these integrated operating solutions, Helix provides its clients with marijuana security services, including providing armed and unarmed site security services and security guards. *See* https://helixtcs.com/products-services/marijuana-security-services/.

11. Kenney and the Putative Class Members worked for Helix as security guards performing armed and unarmed site security services over the past three years.

12. As a security guard, Kenney's primary job duties (and the job duties of all other security guards employed by Helix who were paid a salary with no overtime compensation) included monitoring security cameras, patrolling assigned locations, investigating and documenting all facility-related incidents, and enforcing client, local, state and federal policies and regulations.

13. The job duties performed by Kenney and the Putative Class Members were routine and largely governed by standardized plans, procedures and checklists created by Helix or its clients. Virtually every job function performed by Kenney and the Putative Class Members was predetermined.

14. Kenney and the Putative Class Members all received a salary. Even though Kenney and the Putative Class Members performed non-exempt job duties and regularly worked more than 40 hours in a single workweek, Helix did not pay Kenney and the Putative Class Members any overtime compensation. Instead, Helix classified Kenney and the Putative Class Members as exempt employees and paid them a salary with no overtime compensation.

15. However, Kenney and the Putative Class Members were not exempt employees under any applicable exemption.  Consequently, Helix owes unpaid overtime compensation to Kenney and the Putative Class Members.

## COVERAGE UNDER THE FLSA

16. For at least the past three (3) years, Helix has been an employer within the meaning of Section 3(d) of the FLSA 29 U.S.C. § 203(d).

17. For at least the past three (3) years, Helix has been a part of an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

18. For at least the past three (3) years, Helix has been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, FLSA 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. For at least the past three (3) years, Kenney and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

### COLLECTIVE ACTION ALLEGATIONS

20. Kenney brings this claim under the FLSA as a collective action.

21. The Putative Class Members are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime. The Putative Class Members all perform non-exempt job duties. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Kenney and the Putative Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

22. Helix employed a substantial number of employees like Kenney during the past three (3) years. These workers are geographically disbursed.

23. Absent a collective action, many Putative Class Members likely will not obtain redress of their injuries and Helix will retain the proceeds of its violations of the FLSA.

24. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
## Violation of the FLSA

25. Kenney incorporates the preceding paragraphs by reference.

26. At all relevant times, Helix has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

27. Helix employed Kenney and each Putative Class Member as security guards who performed non-exempt job duties.

28. Helix classified Kenney and each Putative Class Member as non-exempt employees and paid them a salary with no overtime compensation, even though they regularly worked more than 40 hours in a single workweek.

29. Helix's pay policy denied Kenney and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA.

30. Helix's failure to pay Kenney and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

31. The foregoing conduct constitutes a willful violation of the FLSA. Helix knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Helix's failure to pay overtime compensation to the Putative Class Members was neither reasonable, nor was the decision made in good faith.

32. Accordingly, due to Helix's FLSA violations, Kenney and the Putative Class Members are entitled to recover from Helix their unpaid overtime compensation under the FLSA in an amount

equal to 1.5 times their rate of pay, plus liquidated damages, reasonable attorney's fees, costs, and expenses of this Action.

## JURY DEMAND

33. Kenny demands a trial by jury.

## PRAYER

WHEREFORE, Kenney prays for:

    a. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the proposed Putative Class Members to permit them to join this action by filing a written notice of consent;

    b. A judgment against Helix awarding Kenney and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages;

    c. An order awarding attorney fees, costs, and expenses;

    d. Pre- and post-judgment interest at the highest applicable rates; and

    e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    Texas State Bar No. 24014780
    mjosephson@mybackwages.com
    Andrew W. Dunlap
    Texas State Bar No. 24078444
    adunlap@mybackwages.com
    Lindsay R. Itkin
    Texas State Bar No. 24068647
    litkin@mybackwages.com
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**