IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01755-CMA-KMT

ROBERT KENNEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HELIX TCS, INC.,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR CERTIFICATION OF APPEAL OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant Helix TCS, Inc.'s Motion for Certification of Appeal of the Court's Previous Order Denying Defendant's Motion to Dismiss (Doc. # 39). (Doc. # 43.)

## I.    BACKGROUND

Defendant is in the business of providing security and compliance services to the marijuana industry in Colorado. (Doc. # 13 at 2.) Plaintiff Robert Kenney alleges that Defendant willfully failed to pay overtime wages to him and other security guards employed by Defendant, and therefore brings a claim against Defendant under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201–19. (Doc. # 1.) The Court's

Previous Order provides a detailed recitation of the factual and procedural background of this case and is incorporated herein.  *See* (Doc. # 39.)

Defendant filed a Motion to Dismiss on September 13, 2017, asserting that the case must be dismissed for want of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. # 13.)  Relevant here, Defendant argued that the Court does not have jurisdiction over Plaintiff's FLSA claim because Plaintiff works in an industry wholly prohibited by federal law—the recreational marijuana industry—and thus is not entitled to the FLSA's protections.  (*Id*.)

This Court rejected Defendant's argument and denied its Motion to Dismiss on January 5, 2018.  (Doc. # 39.)  The Court cited ample authority expressly rejecting Defendant's theory of jurisdiction and concluded that case law is clear that employers are not excused from compliance with federal laws, including the FLSA, solely because their business violates federal law.  (*Id*.)

On January 15, 2018, Defendant filed the Motion for Certification of Appeal of the Court's Previous Order Denying Defendant's Motion to Dismiss now before the Court. (Doc. # 43.)  Defendant requests that the Court certify its previous Order Denying Defendant's Motion to Dismiss (Doc. # 39) for interlocutory review pursuant to 28 U.S.C. § 1292(b) and proposes the following question: "Is Plaintiff, an employee working in Colorado's recreational marijuana industry, entitled to the protections of the FLSA, notwithstanding that his employment activities constitute federally criminal conduct?". (*Id*.)

On January 19, 2018, Defendant answered Plaintiff's Complaint and filed a Third Party Complaint against Third Party Defendant HRBenefix CO, LLC. (Doc. # 45.) This third party complaint does not bear on the motion presently before the Court.

## II.     ANALYSIS

An interlocutory order, generally not appealable, may be appealed where the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Where the district court believes these three conditions are satisfied,[1] the court may certify "in writing" an order for interlocutory appeal. *Id*. Section 1292(b) is to be used "only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation." *Milbert v. Bison Lab., Inc.*, 260 F.2d 431, 433 (3rd Cir. 1958). Accordingly, the Court strictly construes and applies the three conditions precedent to the granting of permission to appeal. *Id*. at 435; *see* 16 Charles Alan Wright, et al., Federal Practice & Procedure § 3930 (3d ed. 2017).

The Court is persuaded that the three conditions precedent are satisfied with regard to the issue presented for appeal by Defendant. First, the Court's conclusion that it has subject matter jurisdiction because Plaintiff enjoys protections of the FLSA, despite working in the recreational marijuana industry, *see* (Doc. # 39 at 6), "involves a

---

[1] "To certify an interlocutory appeal under § 1292(b) the district court must make an order, and must state three things in the order: that it is 'of the opinion' that the order (1) 'involves a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'that an immediate appeal may materially advance the ultimate termination of the litigation.'" 16 Charles Alan Wright, et al., Federal Practice & Procedure § 3930 (3d ed. 2017).

controlling question of law," *see* 28 U.S.C. § 1292(b).  A question of law is "controlling" "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so."  *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).  The issue Defendant intends to appeal is certainly controlling: whether an employee is entitled to protections of the FLSA if he or she is engaged in a business illegal under federal law determines if Plaintiff has stated a claim sufficient to survive Defendant's Motion to Dismiss.  *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (where an appeal concerned the district court's denial of a party's motion to dismiss for lack of subject matter jurisdiction, it was "apparent that the . . . appeal [did[ involve a 'controlling question of law'").

  Second, the Court is persuaded that there is "substantial ground for difference of opinion" as to its earlier conclusion that Plaintiff enjoys protections of the FLSA.  *See* 28 U.S.C. § 1292(b).  Defendant correctly observes that no circuit court has addressed the applicability of the FLSA to the recreational marijuana industry.  *See* (Doc. # 43 at 4.)  Defendant also cites district courts that have declined to extend various federal protections or benefits to parties in the recreational marijuana industry.  *See* (id. at 4–5) (citing, *e.g.*, *In re Rent-Rite Super Kegs West Ltd.*, 484 B.R. 799, 809 (Bankr. D. Colo. 2012) (a party in violation of the Controlled Substances Act as a result of participating in the recreational marijuana industry is not entitled to federal bankruptcy protections)).  In light of such case law and the tension between state and federal marijuana policy, the Court believes there may be substantial reason to question its ruling of law in its Order

4

Denying Defendant's Motion to Dismiss, though it nonetheless stands by its ruling therein.

Third, "an immediate appeal may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Should the Tenth Circuit accept Defendant's appeal and reverse this Court's Order Denying Defendant's Motion to Dismiss, Plaintiff's sole claim against Defendant would be dismissed. "That is sufficient to advance materially the litigation, and therefore certification of the interlocutory appeal [is] permissible." *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

Having satisfied the three conditions precedent of 28 U.S.C. § 1292(b), Defendant is entitled to a certification of appeal.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for Certification for Appeal (Doc. # 43) is GRANTED.

DATED: January 23, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge