IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01755-CMA-KMT

ROBERT KENNEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HELIX TCS, INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR EQUITABLE TOLLING AND DEFENDANT'S MOTION TO STAY DISCOVERY PENDING INTERLOCUTORY APPEAL**

---

This matter is before the Court on Plaintiff Robert Kenney's Motion for Equitable Tolling (Doc. # 42) and Defendant Helix TCS, Inc.'s Motion to Stay Discovery Pending Interlocutory Appeal (Doc. # 54.) For the reasons discussed here, the Court grants both motions.

## I.    BACKGROUND

The Court's previous Orders provide detailed recitations of the factual background of this case and are incorporated herein. *See* (Doc. ## 39, 49.) The lengthy procedural history of this case will thus be reiterated here only to the extent necessary to address the instant Motions.

Defendant provides security and compliance services to businesses in Colorado's marijuana industry. (Doc. # 13 at 2.) Plaintiff alleges that Defendant willfully failed to pay him and other security guards employed by Defendant overtime wages. (Doc. # 1.) Plaintiff filed suit against Defendant on July 20, 2017. (*Id.*) He asserts a single claim against Defendant under the collective action provision of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 216(b). (Doc. # 1.)

Defendant moved to dismiss Plaintiff's action under Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6) on September 13, 2017. (Doc. # 13.) Defendant argued that Plaintiff is not entitled to the FLSA's protections because he worked in an industry—recreational marijuana—proscribed by federal law, and that accordingly, the Court must dismiss Plaintiff's claim for want of jurisdiction. (*Id.* at 4–13.) Plaintiff timely objected to Defendant's Motion to Dismiss. (Doc. # 28.)

On October 2, 2017, Plaintiff filed an Expedited Motion for Conditional Certification and Notice to Putative Class Members. (Doc. # 29.) Pursuant to the FLSA's collective action provision, 29 U.S.C. § 216(b), Plaintiff asked the Court to conditionally certify a class of security guards employed by Defendant in the past three years who were not paid overtime compensation and to issue his proposed notice and consent forms. (*Id.* at 15.) Defendant responded to Plaintiff's Motion for Conditional Certification by filing its Motion to Strike on October 20, 2017. (Doc. # 33.) Defendant asked the Court to strike Plaintiff's certification motion until it resolved Defendant's Motion to Dismiss. (*Id.* at 3.)

The Court denied Defendant's Motion to Dismiss on January 5, 2018. (Doc. # 29.) The Court explained that numerous authorities expressly rejected Defendant's theory of jurisdiction. (*Id.*) Case law is clear, the Court described, that employers are not excused from complying with federal laws, such as the FLSA, solely because their business violates federal law. (*Id.*) The Court denied as moot Defendant's Motion to Strike Plaintiff's certification motion three days later. (Doc. # 40.) It ordered Defendant to respond to Plaintiff's Expedited Motion for Conditional Certification on or before January 22, 2018. (*Id.*) Defendant responded to Plaintiff's certification motion in accordance with the Court's order. (Doc. # 48.)

Plaintiff filed a Motion for Equitable Tolling on January 9, 2018. (Doc. # 42.) Plaintiff asks the Court to equitably toll the FLSA's statute of limitations for all potential opt-in class members "from the date [Defendant] filed its frivolous Motion to Dismiss (September 13, 2017) to the date the Court authorizes the provision of notice to potential class members or issues an order denying conditional certification." (*Id.* at 2.) Defendant timely responded in opposition. (Doc. # 52.)

On January 15, 2018, Defendant filed its Motion for Certification for Appeal of the Court's Order Denying its Motion to Dismiss.[1] (Doc. # 43.) Defendant requested that the Court certify its previous Order Denying Defendant's Motion to Dismiss (Doc. # 29) for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (*Id.*) The Court granted Defendant's Motion for Certification for Appeal on January 23, 2018. (Doc. # 49.) The

---

[1] On January 29, 2018, Defendant answered Plaintiff's Complaint and lodged a Third Party Complaint against HRBenefix CO, LLC. (Doc. # 45.) The Third Party Complaint does not bear on the motions presently before the Court.

3

Court concluded that its Order Denying Defendant's Motion to Dismiss involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation" and is therefore appropriate for interlocutory appeal. (*Id.*) (quoting 28 U.S.C. § 1292(b)). Defendant filed a petition for permission to appeal with the Tenth Circuit on February 1, 2018. *See* (Doc. # 53.)

Also on February 1, 2018, Defendant filed with this Court its Motion to Stay Discovery Pending Interlocutory Appeal. (Doc. # 54.)

Thus, the two motions now pending before the Court are: (1) Plaintiff's Motion for Equitable Tolling (Doc. # 42), and (2) Defendant's Motion to Stay Discovery Pending Interlocutory Appeal (Doc. # 54).

## II. ANALYSIS

### A. PLAINTIFF'S MOTION FOR EQUITABLE TOLLING

A claim brought under the FLSA must be "commenced within two years after the cause of action accrued . . . , except that a cause of action arising out of willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In order for a plaintiff to join an FLSA collective action, the individual must file his or her consent to opt-in to a class action within this statute of limitations. 29 U.S.C. § 256(a); *Abrams v. City of Albuquerque*, Civ. No. 10-0872 MV/RHS, 2014 WL 11497810, *2 (D.N.M. June 26, 2014). It is only the filing of a plaintiff's "consent to opt-in that stops the limitations period from expiring." *Abrams*, 2014 WL 11497810 at *2

4

(citing *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1180–81 (D. Colo. 2012)).

The doctrine of equitable tolling permits court to extend statutes of limitations on a case-by-case basis to prevent inequity. *See Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). While "[f]ederal courts have typically extended equitable relief only sparingly," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), the equitable tolling doctrine is read into every federal statute, including the FLSA, and the decision whether to apply the doctrine lies with the sole discretion of the district court, *Stransky*, 868 F. Supp. 2d at 1181 (citations omitted). As the Court explained in *Stransky*, courts have equitably tolled statutes of limitations in FLSA actions "when doing so is in the interest of justice." *Id.* (collecting cases). More precisely, "equitably tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Multiple districts in the Tenth Circuit have recognized that the "unique circumstances of a collective action 'is not only significant but justifies tolling the limitations period . . . for the FLSA putative class until the court authorizes the provision of notice to putative class members or issues an order denying the provision of notice." *Id.* (quoting *In re Bank of America Wage & Hour Emp't Litigation*, No. 10-MD-2138-JWL, 2010 WL 4180530, *5 (D. Kan. Oct. 20, 2010)). The court in *In re Bank of America* adopted the Sixth Circuit's "flexible standard" for deciding whether and to what extent to toll the statute of limitations and considered five non-exhaustive factors: "(1) lack of

notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement."[2] *In re Bank of America*, 2010 WL 4180530 at *6 (quoting *Graham-Humphreys*, 209 F.3d at 561.)

Plaintiff argues in this case that the statute of limitations should be equitably tolled in order to "protect the interests of absent potential class members who have been, and continue to be, affected by" Defendant's "unreasonabl[e]" "delay tactics." (Doc. # 42 at 2–3.) The Court agrees. Although early notice to opt-in potential plaintiffs in a collective is favored, *Stransky*, 868 F. Supp. 2d at 1181, such notice has not been possible here. This Court has yet to rule on Plaintiff's Motion for Conditional Certification and Notice to Putative Class Members, which Plaintiff filed four months ago (Doc. # 29), but to which Defendant has only just recently responded, (Doc. # 48). Much of this delay can be attributed to Defendant's steady filings of motions that postponed the necessity of it responding to Plaintiff's certification motion. *See, e.g.*, (Doc. ## 9, 13, 14, 15, 33, 43.) Allowing potential opt-in plaintiffs' claims "to diminish or expire due to circumstances beyond their direct control"—here, Defendant's delay

---

[2] The *In re Bank of America* court acknowledged that "the Tenth Circuit generally applies in single-plaintiff cases a very high standard in determining whether to equitably toll the limitations period—reviewing for circumstances rising to the level of 'active deception.'" *In re Bank of America*, 2010 WL 4180530 at *5 (quoting *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)). However, the court declined to use this very high standard because the Tenth Circuit has not examined equitable tolling in the context of an FLSA collective action. *Id.* For the same reason, this Court declines to use the Tenth Circuit's "active deception" standard for equitable tolling.

tactics—"would be particularly unjust." *Stransky*, 868 F. Supp. 2d at 1181–82. Moreover, Defendant does not argue that it will be prejudiced by such equitable tolling.

Having considered the particular facts of this case, the Court concludes that the interests of justice are best served by granting Plaintiff's Motion for Equitable Tolling.

**B. DEFENDANT'S MOTION TO STAY DISCOVERY PENDING INTERLOCUTORY APPEAL**

Rule 26(c) of the Federal Rules of Civil Procedure grants this Court broad discretion to "make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). In this case, Defendant is appealing the Court's Denial of its Motion to Dismiss (Doc. # 39) to the Tenth Circuit. *See* (Doc. # 53.) "[S]ubjecting a party to discovery when a motion to dismiss . . . is pending may subject [a party] to undue burden or expense, particularly if the motion to dismiss is later granted." *String Cheese Incident*, 2006 WL 894955, at *2.

"A motion to stay discovery pending determination of a dispositive motion," is, therefore, "an appropriate exercise of [the Court's Rule 26(c)] . . . discretion." *Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, No. 09-CV-02757-WYD-KMT, 2010 WL 3155508, at *2 (D. Colo. Aug. 9, 2010). In deciding a motion to stay, this Court may weigh: (1) plaintiff's interest in proceeding expeditiously with the civil action and the potential prejudice of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Davidson v. Bank of America N.A.*, No. 14-cv-01578-CMA-

KMT, 2015 WL 5444308, *2 (D. Colo. Sept. 16, 2015) (citing *String Cheese Incident*, 2006 WL 894955 at *2; *FDIC v. Renda*, Civ. A. No. 85-2216-O, 1987 WL 348635, *2 (D. Kan. Aug. 6, 1987)).

First, the Court acknowledges that Plaintiff has an interest in proceeding expeditiously with his case. However, because the Court grants Plaintiff's Motion for Equitable Tolling (Doc. # 42) and tolls the FLSA's statute of limitations, the potential for prejudice to Plaintiff and to potential opt-in class members is significantly reduced.

Second, the Court agrees with Defendant that proceeding with discovery may be wasteful, and thus may be a burden to Defendant, if the Tenth Circuit reverses this Court's Order Denying Defendant's Motion to Dismiss. See (Doc. # 54 at 2.) "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). See also *String Cheese Incident*, 2006 WL 894955 at *2 (finding that "defendants . . . would . . . undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss.").

Third, "it is more convenient for the [C]ourt to stay discovery until it is clear that the case will proceed." *Davidson*, 2015 WL 5444308 at *2. See *Chavous*, 201 F.R.D. at 5 (concluding that stay discovery pending a decision on a dispositive motion that may

resolve the case "furthers the ends of economy and efficiency, since if either [parties'] dispositive motion is granted, there will be no need for discovery").

Fourth, the Court does not know of any nonparties with interests in this case.

Fifth and finally, if the public has any interest in this case, it is "a general interest in its efficient and just resolution. Avoiding wasteful efforts by the [C]ourt clearly serves this interest." *Davidson*, 2015 WL 5444308 at *2. *See CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277, 1279 (D. Colo. 2013) (stating that the public has an interest in not wasting a court's "valuable time").

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendant's appeal is appropriate.

### III. <u>CONCLUSION</u>

For these reasons, it is ORDERED that Plaintiff's Motion for Equitable Tolling (Doc. # 42) is GRANTED. The statute of limitations for all potential opt-in plaintiffs is tolled from September 13, 2017, until this Court rules on Plaintiff's Motion for Conditional Certification (Doc. # 29), or until the Court otherwise orders. It is

FURTHER ORDERED that Defendant's Motion to Stay Discovery Pending Interlocutory Appeal (Doc. # 54) is GRANTED. A stay of discovery shall remain in effect until after the resolution of Defendant's appeal to the Tenth Circuit, or until the Court otherwise orders.

DATED: February 5, 2018

BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge