# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

**Civil Action No. 1:17-cv-01755**

ROBERT KENNEY, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

HELIX TCS, INC.,

        Defendant.

---

## DEFENDANT'S MOTION TO EXTEND STAY OF DISCOVERY

Defendant Helix TCS, Inc. ("Helix" or "Defendant"), by and through its counsel, Allen Vellone, Wolf, Helfrich & Factor, P.C., hereby moves the Court pursuant to Federal Rule of Civil Procedure 26(c) to stay discovery, and in support thereof, states as follows:

**D.C.Colo.LCivR 7.1 Certification:** Defendant's counsel has consulted with counsel for Plaintiff Robert Kenney ("Plaintiff") concerning the relief requested herein. Plaintiff is opposed to such relief.

## INTRODUCTION

Rather than resolving the significant—and growing—tension between state and federal law regarding marijuana, the Tenth Circuit fanned the flames. The Tenth Circuit's opinion holds that individuals have a private property interest in the proceeds of federal drug crimes and that a federal court may award them compensation out of those proceeds for their efforts in trafficking Schedule 1 drugs. Although arising out of Colorado's recreational marijuana industry, the Tenth Circuit's decision confers the same rights on a mule trafficking methamphetamine for a cartel in Oklahoma as it does on a driver ferrying marijuana through the streets of Denver.

Helix will file a Petition for Writ of Certiorari ("Petition") with the U.S. Supreme Court on or before April 30, 2020, the date it is due pursuant to Supreme Court Rule 13. The issues presented in Helix's appeal and Petition are critical, not only for Helix and whether this Court has jurisdiction over it, but also because the issues will define the relationship between federal law and the growing number of state statutes legalizing and regulating marijuana. Helix is optimistic the Supreme Court will want to address these issues.

In the meantime, a continued stay of all discovery pending full and final resolution of Helix's challenge to the Court's exercise of subject matter jurisdiction over Defendant is warranted and logical. If the Supreme Court ultimately holds that Plaintiff is not entitled to FLSA protections, Plaintiff's sole claim against Defendant will be dismissed. If Plaintiff is not entitled to FLSA protections, he has no right to pursue discovery in this matter. Defendant seeks to avoid the significant costs associated with discovery for both parties and their witnesses, pending resolution of this important issue

## BACKGROUND

1. Plaintiff filed his Original Collective Action Complaint (the "Complaint") against Helix on July 20, 2017. [Dkt. 1].

2. Helix filed its Motion to Dismiss Plaintiff's Claims (the "Motion") pursuant to F.R.C.P. 12(b)(1) and (b)(6) on September 13, 2017. [Dkt. 13].

3. This Court denied the Motion on January 5, 2018. [Dkt. 39].

4. The Court granted Helix's Motion for Certification of Appeal on January 23, 2018. [Dkt. 49].

5. The Court granted Plaintiff's Motion for Equitable Tolling and Helix's Motion to Stay Discovery Pending Interlocutory Appeal on February 5, 2018. [Dkt. 55].

6.     The Tenth Circuit granted Helix's Petition for Permission to Appeal on March 12, 2018, [Dkt. 58].

7.     After substantive briefing and oral argument, the Tenth Circuit affirmed this Court's decision on the Motion on September 20, 2019. [Dkt. 71].

8.     Helix filed a Petition for Rehearing *En Banc* on October 7, 2019. The Tenth Circuit denied the Petition for Rehearing on January 31, 2020, nearly four months later. [Dkt. 77].

9.     Pursuant to Supreme Court Rule 13, Helix has until April 30, 2020, to file its Petition with the U.S. Supreme Court.

## LEGAL STANDARD

The decision to enter a stay is committed to the sound discretion of the district court. *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963). "It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Id.* (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936)). In exercising its judgment, the district court "must weigh competing interests and maintain an even balance." *Landis,* 299 U.S. at 255.

This Court should exercise its discretion and stay discovery unless and until the Court is certain the case is ripe for factual investigation.[1]  *See ex.* Fed. R. Civ. P. 26(c).

## ARGUMENT

**A.     The Supreme Court is Likely to Grant the Petition.**

*i. The Tenth Circuit's opinion promotes drug trafficking and other federally illegal conduct in contravention of Congress's express intent.*

---

[1] In addition to the arguments asserted herein, Helix incorporates by reference the arguments made in its February 1, 2018, Motion to Stay Discovery Pending Interlocutory Appeal given that those arguments remain applicable. [Dkt. 54].

The Tenth Circuit found that because the plaintiff here—an individual who transports marijuana and drug proceeds while armed with a firearm—is not expressly exempted from "the striking breadth of the FLSA's definition of employee," (Dkt. 71 at p. 8) he may sue in federal court and recover "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b).

This reasoning applies with equal force to anyone performing labor for an organization engaged in drug trafficking—or any other federally illegal conduct. The FLSA does not expressly exempt from its definition of "employee" those performing labor for cartels trafficking any Schedule 1 substance, nor for employees of human traffickers, nor for those trafficking illegal firearms. But Congress cannot have intended a private property right in overtime pay to vest in paid laborers of criminal enterprises. To the contrary, the Supreme Court has held that title to those illicit gains vest in the United States upon commission of the crime. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 627 (1989); *Luis v. United States*, 136 S. Ct. 1083, 1091–92 (2016). Drug traffickers cannot have a private right of action for overtime pay—*i.e.* cannot state a claim under FLSA for "their" unpaid wages—because the proceeds of their conduct is not theirs; ownership vests in the United States. *United States v. Nichols*, 841 F.2d 1485, 1489 (10th Cir. 1988); *United States v. Gordon*, 710 F.3d 1124, 1135 n.13 (10th Cir. 2013).

The Tenth Circuit's opinion contradicts decisions so holding, and thereby promotes drug trafficking and other federally illegal conduct in contravention of Congress's express intent. *Caplin & Drysdale, Chartered*, 491 U.S. at 627; *Luis*, 136 S. Ct. at 1091–92; *Nichols*, 841 F.2d at 1489; *Gordon*, 710 F.3d at 1135 n.13.

*ii. The Tenth Circuit's opinion precludes uniform application of federal law in this circuit.*

Based on the Tenth Circuit's opinion, a marijuana dealer in Wyoming can now file suit in the United States District Court for the District of Wyoming and demand payment of federally mandated wages. Any attempt to limit application of the opinion to similarly situated dealers in Colorado would itself be problematic, undermining the uniform application of FLSA between states in this Circuit that have legalized marijuana and those that have not. This cannot be. Congress enacts law in a particular area because of the need for uniform legislation throughout the United States. *See*, e.g. *Dice v. Akron, C. & Y. R. Co.*, 342 U.S. 359, 361 (1952) (uniform application of Federal Employers' Liability Act); *Garrett v. Moore-McCormack Co.*, 317 U.S. 239, 245-46 (1942) (uniform application of the Jones Act). Applying the Tenth Circuit's decision in a reasonable way—by limiting its reach to employees of Colorado's state-legal marijuana industry—requires unequal interpretation and enforcement of FLSA in the states of this Circuit.

The Tenth Circuit's opinion either creates a federally vindicable property interest in the proceeds of federal drug crimes in direct contravention of congressional intent and Supreme Court precedent or it requires unequal application of federal employment law in this Circuit depending on the marijuana policy of each state.

*iii. The likelihood of Supreme Court review.*

When Helix filed the Motion on September 13, 2017, eight states and the District of Columbia had passed legislation making manufacture and distribution of marijuana for recreational use lawful under state law. *See* Dkt. 13 at p. 5. Twenty-six states had enacted legislation permitting in various degrees the manufacture and possession of marijuana for medical purposes. *Id.* Since then, seven more states have enacted legislation permitting in various degrees the manufacture and possession of marijuana for medical purposes.[2] Three more states have

---

[2] *See ex.* https://www.businessinsider.com/legal-marijuana-states-2018-1 (last visited on February 25, 2020).

passed legislation making manufacture and distribution of marijuana for recreational use lawful under state law.³  As more states legalize marijuana, tension between the states and federal government will continue to grow, making future conflicts between state and federal law numerous and unavoidable.

In the face of this increased conflict, the Tenth Circuit's opinion imposes an unworkable standard on courts throughout this Circuit, decimates the uniform application of the Controlled Substances Act and FLSA between states in this Circuit, undermines Congress's consistently expressed policy of inhibiting commercial transactions in Schedule 1 drugs, and  contradicts the United States Supreme Court's decisions in, *e.g., Caplin & Drysdale, Chartered*, 491 U.S. at 627 (1989), *Luis*, 136 S. Ct. at 1091–92, and this Court's decisions in, *e.g., Nichols*, 841 F.2d at 1489, and *Gordon*, 710 F.3d at 1135 n.13, all of which hold that individuals have no right to enjoy the fruits of their drug-trafficking activity.

Limiting application of the Tenth Circuit's opinion to Colorado's recreational marijuana industry would contravene decisions of the United States Supreme Court and the Tenth Circuit requiring that federally declared standards are not to be defeated by giving the states a final say as to their applicability. *See, e.g., Dice.*, 342 U.S. at 361 (uniform application of Federal Employers' Liability Act); *Garrett*, 317 U.S. at 245-46 (uniform application of the Jones Act); *Hernandez v. Commissioner*, 490 U.S. 680 (1989) (uniform application of the tax laws); *United States v. Lee*, 455 U.S. 252 (1982) (uniform application of Social Security Act); *Braunfeld v. Brown*, 366 U.S. 599 (1961) (uniform Sunday closing laws); *Reynolds v. United States*, 98 U.S. 145, 166-167 (1878) (uniform criminal prohibition on polygamy); *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1141

---

³ *See ex.* https://www.usnews.com/news/politics/articles/2019-12-31/6-states-that-could-legalize-marijuana-sales-in-2020 (last visited on February 25, 2020)

(10th Cir. 2013) (uniform application of labor laws), aff'd sub nom, *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014).

This Court recognized the importance of the issues Helix raised on appeal when it granted Helix's Motion for Certification of Appeal and stayed this case. The Tenth Circuit concurred when it granted Helix's Petition for Permission to Appeal and when it waited nearly four months to issue a decision on Helix's Petition for Rehearing *En Banc*. Given the spate of states legalizing marijuana, Helix is optimistic that the Supreme Court, too, will see that the conflict and lack of uniformity between federal and state law is not disappearing, and it will use the Petition as an opportunity to secure clarification and consistency.

Given the issues on appeal and the likelihood of Supreme Court review, Helix requests that the Court maintain the status quo and extend the stay until the Supreme Court either rejects the Petition or issues an order on the appeal.

**B.    Any Prejudice to Plaintiff from Extending the Stay Will be Slight.**

"Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved." *Sallie v. Spanish Basketball Fed.*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028 at *2 (D. Colo. Sept. 17, 2013). Helix maintains that Plaintiff has no right to litigate against Defendant in this forum because the Court lacks subject matter jurisdiction over Defendant. Helix has not exhausted its appeals rights and, for the reasons stated herein, Helix expects the Supreme Court to grant its Petition. Plaintiff has no vested interest in proceeding with this case.

Furthermore, the Court granted Plaintiff's Motion for Equitable Tolling where Plaintiff had requested tolling of the FLSA's statute of limitations for all potential opt-in class members. [Dkt. 55]. Helix has no objection to extending the Court's order tolling the statute of limitations while

the stay remains in place. Thus, the burden on Plaintiff is minimal, if not non-existent, if the stay remains in place.

Helix requests that the Court maintain the status quo and extend the stay until the Supreme Court either rejects the Petition or issues an order on the appeal.

**C.      Defendant Would be Unduly Burdened Absent a Stay.**

Defendant has challenged the Court's ability to exercise jurisdiction over this case. Until Plaintiff establishes that such jurisdiction exists, Defendant will be unduly burdened by participating in discovery in this action. As this District has recognized, "defendants . . . would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss[.]" *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). This is especially true given that this action is a Collective Action where Plaintiff, if the stay is not extended, will immediately seek to conditionally certify the class, thrusting the parties into expensive class discovery.

Since Helix does not oppose extending the Court's order tolling the statute of limitations while the stay remains in place, the burden on Helix, if discovery proceeds before the jurisdictional issue is resolved, far outweighs any burden to Plaintiff. Helix requests that the Court maintain the status quo and extend the stay until the Supreme Court either rejects the Petition or issues an order on the appeal

WHEREFORE, Defendant Helix TCS, Inc. respectfully requests that this Court enter an order extending its stay of all discovery until the Supreme Court either rejects the Petition or issues an order on the appeal.

Dated this 26th day of February, 2020.

Respectfully submitted

ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.
*/s/ Jeremy T. Jonsen*
Jordan Factor
Jeremy T. Jonsen
1600 Stout Street, Suite 1900
Denver, CO 80203
(303) 534-4499
jfactor@allen-vellone.com
jjonsen@allen-vellone.com
**ATTORNEYS FOR HELIX TCS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Michael A. Josephson
Lindsay R. Itkin
Andrew W. Dunlap
Josephson Dunlap
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
*Attorneys for Plaintiff*

*s/ Lisa A. Vos*
ALLEN VELLONE WOLF HELFRICH & FACTOR P.C.