IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01755-CMA-KMT

ROBERT KENNEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

HELIX TCS, INC.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND AUTHORIZATION TO SEND NOTICE TO PUTATIVE CLASS MEMBERS**

---

This matter is before the Court on Plaintiff Robert Kenney's Motion for Conditional Certification and Authorization to Send Notice to Putative Class Members ("Motion"), wherein Plaintiff moves the Court to conditionally certify this action as a collective action under the Fair Labor Standards Act and to approve his proposed notice. (Doc. # 96.) Defendant filed a Response in opposition to the Motion. For the following reasons, the Motion is granted in part and denied in part.

## I.    BACKGROUND

Defendant Helix TCS, Inc. ("Helix") markets itself as a full-service security firm specializing in cannabis. Helix provides integrated operating solutions to clients in the cannabis industry, including security services. (Doc. # 1 at 3.) To provide security

services to its clients, Helix employed Security Guards, sometimes referred to as Site Supervisors and/or Operators, to whom it paid a salary with no overtime. (*Id.* at 1.)

Plaintiff, Robert Kenney, was employed by Helix as a Security Guard from approximately February 2016 to April 2017. Mr. Kenney regularly worked more than 40 hours a week in this capacity, but he was paid a salary with no overtime compensation until approximately February 2017. (*Id.* at 2–3.) In February 2017, Helix began paying Mr. Kenney an hourly rate, which remained the same for all hours worked, including all hours over 40 in a single workweek. (Doc. # 29-2 at 2.)

Plaintiff initiated this action on July 20, 2017, bringing a claim under the Fair Labor Standards Act ("FLSA") on behalf of himself and all other similarly situated Security Guards, Site Supervisors, and/or Operators ("Security Guards") employed by Helix. *See generally* (Doc. # 1). On September 13, 2017, Helix moved to dismiss Plaintiff's claim. (Doc. # 13.) This Court denied Helix's Motion to Dismiss on January 5, 2018 (Doc. # 39), which Helix appealed to the Tenth Circuit on March 20, 2018 (Doc. # 60). The Tenth Circuit affirmed this Court's denial of the Motion to Dismiss on September 20, 2019. (Doc. # 71.) Helix unsuccessfully filed a Petition for Rehearing En Banc, which the Tenth Circuit denied on January 31, 2020. (Doc. # 77.) Helix then petitioned the Supreme Court for a writ of certiorari, which the Supreme Court denied on October 5, 2020. (Doc. # 90.)

Plaintiff first moved for conditional certification on October 2, 2017, while Helix's Motion to Dismiss was pending. (Doc. # 29.) On February 5, 2018, the Court tolled the FLSA statute of limitations for all potential opt-in plaintiffs from September 13, 2017,

2

"until this Court rules on Plaintiff's Motion for Conditional Certification (Doc. # 29), or until the Court otherwise orders." (Doc. # 55 at 9.) The Court denied Plaintiff's first Motion for Conditional Certification without prejudice, pursuant to Helix's Notice of Appeal, on September 17, 2018. (Doc. # 69.) Following three years of delay caused by Helix's numerous attempts to overturn this Court's order denying its Motion to Dismiss, Plaintiff filed the instant renewed Motion for Conditional Certification and Authorization to Send Notice to Putative Class Members. Defendant filed a Response (Doc. # 100), and Plaintiff filed a Reply (Doc. # 103).

## II.   LEGAL STANDARDS

Section 216(b) of the FLSA provides that an action under the FLSA for minimum wage violations "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact . . . ." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Further, a collective action gives similarly situated plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Id.*

The Tenth Circuit has approved the use of a two-step process for determining whether the putative class members are similarly situated to the named plaintiff. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–05 (10th Cir. 2001). At the first step, prior to discovery, the district court makes a "notice stage" determination of whether the plaintiffs are similarly situated. For conditional certification at the notice

stage, the Tenth Circuit "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

The standard for conditional certification at the notice stage, then, "is a 'fairly lenient' one and usually results in conditional certification." *Ortez v. United Parcel Serv., Inc.*, No. 17-cv-01202-CMA-MEH, 2018 WL 4328170, at *2 (D. Colo. Sept. 11, 2018) (first citing *Thiessen,* 267 F.3d at 1103 (describing the standard as "fairly lenient"); then citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) ("Because the court has minimal evidence, [the notice-stage] determination . . . typically results in 'conditional certification' of a representative class")); *see also Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) ("This initial step creates a lenient standard which typically results in conditional certification of a representative class."). At the notice stage, the Court "does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims." *Bryant v. Act Fast Delivery of Colorado, Inc.,* No. 14-cv-870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015). [1]

---

[1] The second step for class certification under § 216(b) demands a higher level of scrutiny. At the second step, which occurs after discovery is complete and is often prompted by a motion to decertify, a district court examines, *inter alia*, "any disparate factual and employment circumstances shown in the record, whether defenses asserted by the defendant are individual to certain plaintiffs, and fairness and procedural considerations." *Bass v. PJComn Acquisition Corp.*, No. 09-cv-01614, 2010 WL 3720217, at *2 (D. Colo. Sept. 15, 2010). The instant Motion requires the Court to determine only whether Plaintiff has satisfied the first step of the *Thiessen* two-step approach.

4

### III. DISCUSSION

In his Motion, Plaintiff moves the Court to conditionally certify a collective action of the following individuals:

> all security guards, site supervisors, and/or operators employed by Helix TCS, Inc. who received a salary and no overtime compensation at any time from September 13, 2014 through the present.

He also moves the Court to authorize him to send initial notice and reminder notices to the putative class members via mail, email, and text message during a 60-day notice period. The Court first determines that conditional certification is appropriate in this case before turning to Plaintiff's notice-related requests.

### A. CONDITIONAL CERTIFICATION

First, the Court finds that Plaintiff has carried his minimal burden at the notice stage of "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Plaintiff alleges that all of the putative class members were subject to the same illegal policies and/or practices that resulted in FLSA violations—i.e., Helix misclassified them as exempt employees and paid them a salary with no overtime in violation of the FLSA.

Plaintiff alleges that the putative class members had similar job responsibilities as Security Guards for Helix, including monitoring security cameras, patrolling assigned locations, investigating and documenting all facility-related incidents, and enforcing client, local, state, and federal policies and regulations. (Doc. # 1 at 3.) Plaintiff further alleges that all putative class members performed non-exempt job functions and regularly worked more than 40 hours in a week, yet they did not receive overtime

5

compensation because Helix classified them as exempt employees. (*Id.*) The substantial allegations in Plaintiff's Complaint are supported by the Declarations of Plaintiff Robert Kenney and Opt-In Plaintiff Robert Meadows, as well as the samplings of paystubs, time records, and schedules submitted in support of the Motion. *See* (Doc. ## 29-2–29-3) (declarations explaining job functions, regular work hours, and similarities between Helix Security Guards); *see also* (Doc. ## 96-2–96-6) (pay and time records).

The Court finds that the allegations in Plaintiff's Complaint, in combination with the Declarations of Plaintiff and Mr. Meadows, constitute "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen*, 267 F.3d at 1102. Therefore, conditional certification of a FLSA collective action is appropriate in this case. *See Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp. 2d 1127, 1133 (D. Colo. Dec. 20, 2011) ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege the plaintiffs were together the victims of a single decision, policy or plan.") (quoting *Renfro*, 243 F.R.D. at 434); *see also Warren v. MBI Energy Servs., Inc.*, No. 19-cv-00800-RM-STV, 2020 WL 937420, at *8 (D. Colo. Feb. 25, 2020) (noting "[c]ourts have generally found the question of whether a defendant improperly misclassified workers to avoid paying overtime compensation to be suitable for collective treatment at the initial stage" and collecting cases), *report and recommendation adopted in part,* No. 1:19-cv-00800-RM-STV, 2020 WL 5640617 (D. Colo. Sept. 22, 2020).

6

Defendant's arguments to the contrary are unpersuasive. Defendant first urges this Court to apply the standards for class certification under Fed. R. Civ. P. 23 to this FLSA collective action. However, "this Court is bound by long-standing Tenth Circuit precedent mandating the application of the two-step conditional certification process for collective actions brought under the FLSA." *Fuentes v. Compadres, Inc.*, No. 17-cv-01180-CMA-MEH, 2018 WL 2126840, at *2 (D. Colo. May 9, 2018). As the Tenth Circuit has explained, where Congress chose to have a "similarly situated" standard apply to class actions under a statute, interpreting that standard "by simply incorporating the requirements of Rule 23 . . . would effectively ignore Congress' directive." *Thiessen*, 267 F.3d at 1105. The Court declines to depart from well-established precedent and applies the two-step conditional certification process herein.

Further, Defendant urges the Court to consider hundreds of pages of records and deposition testimony obtained in a different action to find that the putative class members in this case are not similarly situated. When deciding whether to conditionally certify a collective action, "[a] court need only consider the substantial allegations of the complaint along with any supporting affidavits or declarations." *Pena v. Home Care of Denver, LLC*, No. 19-cv-00069-CMA-NYW, 2019 WL 5577947, at *1 (D. Colo. Oct. 29, 2019) (citation omitted). Defendant's arguments go to the merits of Plaintiff's FLSA claim and Defendant's exemption defense and are, thus, inappropriate for the Court to consider at the notice stage. *See, e.g.*, *Levine v. Vitamin Cottage Nat. Food Markets Inc.*, No. 20-cv-261-STV, 2020 WL 6546734, at *4 (D. Colo. Nov. 6, 2020) (concluding argument that deposition testimony showed putative class members were not similarly

7

situated was inappropriate at notice stage); *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1091 (D. Colo. 2016) ("[A]t this phase of FLSA conditional certification, 'the Court does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims.'") (quotation omitted); *Darrow v. WKRP Mgmt., LLC*, No. 09-cv-01613-CMA-BNB, 2012 WL 638119, at *4 (rejecting argument that allegations were too conclusory to support conditional certification, in part, because "at this [notice] stage, the Court must determine only whether the [putative class members] are similarly situated, not whether Plaintiff's FLSA claim has merit").

Likewise, Defendant's arguments concerning the individualized damages of the putative class members are immaterial at the notice stage. As this Court has previously stated, "[t]he mere possibility that some members of the proposed class may have different damages (or no damages at all) is not reason to refuse to notify all potential class members in the first instance." *Smith v. Pizza Hut, Inc.*, No. 09-cv-01632-CMA-BNB, 2012 WL 1414325, at *5 (D. Colo. Apr. 21, 2012) (citing *Kautsch v. Premier Commc'ns,* 504 F. Supp. 2d 685, 690 (W.D. Mo. 2007)). Such "potential differences in the calculation of damages 'are not sufficient to preclude joining the claims in one action.'" *Id.* (quoting *Sanchez v. La Cocina Mexicana, Inc.,* No. 09 Civ. 9072, 2010 WL 2653303, at *1 (S.D.N.Y. July 1, 2010)); *see also Perrin v. Papa John's Int'l, Inc.,* No. 09CV01335, 2011 WL 4089251, at *5 (E.D. Mo. Sept. 14, 2011) (noting that "[w]hether a particular plaintiff actually received less than the required minimum wage is a factual question" that should not be addressed at the conditional certification stage). Therefore,

8

Defendant has not persuaded the Court that conditional certification of a FLSA collective action is inappropriate in this case.

## B.   CLASS PERIOD

Defendant argues that the Court should amend Plaintiff's requested class period to run from September 13, 2014, through September 17, 2018, the date this Court denied Plaintiff's first Motion for Conditional Certification without prejudice. The Court disagrees.

On February 5, 2018, the Court granted Plaintiff's request for equitable tolling in this case, holding that the FLSA statute of limitations for all potential opt-in plaintiffs would be tolled from September 13, 2017, "until this Court rules on Plaintiff's Motion for Conditional Certification (Doc. # 29), or until the Court otherwise orders." (Doc. # 55 at 9.) The Court denied Plaintiff's first Motion for Conditional Certification without prejudice to manage its docket during Defendant's protracted attempts to appeal the Court's order denying Defendant's Motion to Dismiss. Therefore, the Court has yet to substantively rule on Plaintiff's request to conditionally certify a collective action in this case. Further, adopting the class period Defendant suggests would punish the putative class members for Defendant's three-year delay of this action. Accordingly, the Court adopts the class period proposed by Plaintiff, which extends from September 13, 2014, through the present.

## C.   NOTICE

In light of the Court's conclusion that conditional certification of a FLSA collective action is appropriate in this case, Plaintiff may disseminate notice and consent forms to

potential class members. *See Hoffman–La Roche,* 493 U.S. at 169–70. Plaintiff has agreed to confer with Defendant regarding the content of the notice and consent forms. Accordingly, the parties shall meet and confer regarding the content of the notice, as well as the email and text message scripts, as described in more detail below.

With respect to the distribution of the notice and consent forms, Plaintiff moves the Court to authorize him to send notice by first-class mail, email, and text message once at the start of the notice period, to send a reminder notice through those channels at the half-way mark, and to make a scripted telephone call where the notice is returned as undeliverable. Defendant opposes these requests on the basis that they are excessive and intrusive and requests that Plaintiff be limited, instead, to a single, mailed notice.

Courts in this District, including this Court, have authorized sending notice to putative class members by mail, email, and text message. *See, e.g.*, *MacDonald v. Covenant Testing Techs., LLC*, No. 18-cv-02290-NRN, 2019 WL 1755282, at *7 (D. Colo. Apr. 18, 2019) (authorizing distribution of notice by email and text message where notice by mail and email alone would create a significant risk that notice would not be received); *Sobolewski v. Boselli & Sons, LLC*, No. 16-cv-01573-RM-STV, 2017 WL 4586108, at *3 (D. Colo. Oct. 16, 2017) (authorizing email notice because there is "not a valid reason why the parties should not agree to e-mail notice in the year 2017") (quoting *Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, 2017 WL 1842937, at *9 (W.D. Tex. Mar. 14, 2017)); *Beltran v. InterExchange, Inc.*, No. 14-cv-03074-CMA-CBS, 2017 WL 4418684, at *6 (D. Colo. Apr. 28, 2017) (authorizing

distribution of notice by social media where putative class members were largely young, transient individuals who were particularly likely to maintain a social networking presence). The Court finds that distribution of notice by mail, email, and text message, and a reminder notice half-way through the notice period, is appropriate in this case. Therefore, Plaintiff is authorized to send initial notice by U.S. mail, email, and text message and a reminder notice by mail, email, and/or text message. The Court also concludes that the requested 60-day notice period, to which there is no objection, is reasonable under the circumstances.

However, the Court finds that the requested follow-up phone call is excessive. Had Plaintiff requested to send notice by mail and email only, contacting the putative class members by phone call in the event the notices were not delivered would be a logical solution. In this case, the Court has approved Plaintiff's request to send notice by text message. Therefore, a phone call would constitute merely an additional contact to the same telephone number. Plaintiff has not demonstrated that this additional phone contact with the putative class members is reasonable under the circumstances. Accordingly, Plaintiff's request for a follow-up phone call is denied.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff Robert Kenney's Motion for Conditional Certification and Authorization to Send Notice to Putative Class Members (Doc. # 96) is GRANTED IN PART AND DENIED IN PART;

- A FLSA collective action of the following individuals is hereby conditionally certified:

  > all security guards, site supervisors, and/or operators employed by Helix TCS, Inc. who received a salary and no overtime compensation at any time from September 13, 2014 through the present.

- Plaintiff is authorized to distribute notice to putative class members by first-class mail, email, and text message once at the start of the notice period and to send a reminder notice by mail, email, and/or text message half-way through the notice period;

- Plaintiff is authorized to distribute said notice during a period of 60 days;

- The parties are directed to meet and confer regarding the content of the notice and consent forms and email and text message scripts;

- The parties shall file a Joint Motion to Approve Notice and Consent to Join Form, including a mutually acceptable proposed Notice and Consent to Join Form and email and text message scripts for the Court's consideration, on or before **May 4, 2021**;

- In the event the parties cannot reach agreement, they shall submit a single proposed Notice and Consent to Joint Form that indicates the language of the notice on which they agree, the language on which they do not agree, and the content they each propose. Each party shall file written briefing not to exceed five pages that provides legal authority to support their respective proposed content; and

- The Court reserves ruling on the content of the notice and consent forms and the email and text message scripts until such time as the parties file their Joint Motion to Approve Notice and Consent to Join Form.

DATED:  April 27, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge